LODGED
OCT 29 2010  1:35 pm
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
NOV 01 2010
at 3 o'clock and 10 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATIONAL STABILIZATON AGREEMENT OF SHEET METAL INDUSTRY TRUST FUND; BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; BOARD OF TRUSTEES, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION SCHOLARSHIP FUND; SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST; and NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE,<br><br>        Plaintiffs,<br><br>  vs.<br><br>DUCT-TER SHEET METAL, LLC,<br><br>        Defendant. | CIVIL NO. CV10 00233 JMS LEK<br><br>AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT |

**AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

The Findings of Fact and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Default Judgment against Defendant, which was filed herein on September 30, 2010, is hereby re-titled, amended and restated in its entirety.

Plaintiffs National Stabilization Agreement of Sheet Metal Industry Trust Fund, et al. ("Plaintiffs") filed their Motion for Default Judgment against Defendant ("Motion") on July 15, 2010. This matter came on for hearing before this Court on

August 25, 2010, at 9:30 a.m. Plaintiffs were represented by RANDALL I. MORIKAWA, ESQ., and no other parties appeared. Pursuant to this Court's instructions at the hearing, Plaintiffs filed a Supplemental Declaration Re Attorneys' Fees and Costs on August 30, 2010 ("Supplemental Declaration"). The Court, having considered the argument of counsel, both written and oral, and being fully apprised in the premises, and for good cause appearing, HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.

## DEFAULT JUDGMENT

Having obtained an entry of default against Defendant Duct-ter Sheet Metal, LLC ("Defendant"), Plaintiffs now seek default judgment pursuant to Fed. R. Civ. P. 55(b)(2). "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).

A plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. See In re Roxford Foods,

Inc., 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, courts should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). In addition, a court can deny default judgment where the defendant has appeared and actively defends against the plaintiff's claims. See VonGrabe, 312 F. Supp. 2d at 1319.

Having considered all of the relevant factors, this Court CONCLUDES that default judgment is warranted in this case.

### FINDINGS OF FACT

Having reviewed Plaintiffs' Motion, the Supplemental

Declaration, and the record established in this action, this Court HEREBY FINDS as follows:

**A.  Liability, Damages, and Interest**

    1.  Plaintiffs are: (a) the NATIONAL STABILIZATION AGREEMENT OF SHEET METAL INDUSTRY TRUST FUND ("SASMI"); and (b) BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; BOARD OF TRUSTEES, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION SCHOLARSHIP FUND; SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST; and NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE (collectively "TRUST FUNDS").

    2.  Plaintiffs are trust funds established under 29 U.S.C. § 186 as multiemployer plans and employee benefit plans within the meaning of 29 U.S.C. § 1002.

    3.  Plaintiffs have their principal places of business in the Commonwealth of Virginia and do business in the State of Hawai`i.

    4.  Defendant at all times relevant herein was, and is now, a limited liability company duly organized and existing under, and by virtue of, the laws of the State of Hawai`i and transacted business in the State of Hawai`i.

    5.  Default was entered herein against Defendant on July 14, 2010.

6. This action arises under § 301(a) of the Labor-Management Relations Act, as amended, 29 U.S.C. § 185(a), et seq.; the Miller Act, as amended, 40 U.S.C. § 270b, et seq.; the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1001, et seq.; and as hereinafter more fully appears.

7. On or about October 28, 1998, Defendant made, executed and delivered to the SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 293, AFL-CIO (the "Union"), that certain Memorandum of Agreement (the "Agreement"), whereby Defendant promised to contribute and pay to Plaintiffs certain sums of money as set forth in that certain Labor and Management Agreement between the Union and the Sheet Metal Contractors Association, the terms of which were incorporated into the Agreement, for each hour of work performed by Defendant's employees covered by the Agreement, including amounts to be contributed to Plaintiffs. [Motion, Decl. of Harold Bradshaw, Jr. (Bradshaw Decl.),[1] Exh. 1.]

8. Pursuant to Article XXIII of the Addenda to the Agreement, Defendant further agreed that in the event any monthly contributions were not paid or postmarked by the 20th of the month immediately following, Defendant would pay to the

---

[1] Mr. Bradshaw is the SASMI administrator. [Bradshaw Decl. at ¶ 1.]

TRUST FUNDS liquidated damages equal to 10.0% of such delinquent contribution for the first month and 1.5% for each and every month that such delinquent contribution is not paid. [Bradshaw Decl., Exh. 2.]

9. Pursuant to Article XXXII of the Addenda to the Agreement, Defendant agreed to the terms of the National Stabilization Agreement of Sheet Metal Industry. The SASMI Rules and Regulations Establishing Charges for Interest, Liquidated Damages, Counsel Fees and Costs against Delinquent Contributing Employers and Procedure for Collection of Delinquent Accounts provide, in Article II, that an employer who fails to make timely contributions to SASMI shall pay damages in the amount of 10.0% of the contributions due and owing and an additional 10.0% when contributions are received more than thirty days after the date for timely payment. [Id.]

10. At all times relevant herein, it was, and now is extremely difficult and impractical to fix the actual expense and damage to Plaintiffs as a result of Defendant's non-payment of the required contributions. The amounts herein alleged as and for liquidated damages represented, and now represent, a reasonable endeavor to ascertain and compensate Plaintiffs for the loss of return on investment, the additional expenses incurred in collection of the overdue amounts and the delay and/or liability

to pay benefits to Plaintiffs' beneficiaries. These damages cannot be allowed to deplete the contributions promptly paid by other employers and jeopardize the efficient and fair administration of Plaintiffs' trust funds and the maintenance of plan benefits.

      11. ERISA (specifically 29 U.S.C. § 1132(g)(2)) provides that, in any action brought by trust funds in which a judgment in favor of the trust funds is awarded, the Court shall award:

    (A)   the unpaid contributions,
    (B)   interest on the unpaid contributions,
    (C)   an amount equal to the greater of –
        (i)   interest on the unpaid contributions, or
        (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E)   such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 (26 U.S.C. § 6621).

      12. Defendant has failed and refused, and continues to fail and refuse, to pay to Plaintiffs the amounts required by the Agreement, and there is now due, owing and unpaid to Plaintiffs

the following amounts:

    SASMI:

| | |
|---|---|
| Principal | $10,552.64 |
| Liquidated damages | 1,055.27 |
| TOTAL | $11,607.91 |

[Bradshaw Decl. at ¶ 9.]

    Trust Funds:

| | |
|---|---|
| Principal | $ 1,561.16 |
| Interest | 196.33 |
| Liquidated damages | 311.56 |
| TOTAL | $ 2,069.05 |

[Motion, Decl. of Walter Shaw (Shaw Decl.)[2] at ¶ 9.]

    13. There is no just reason for delay in entering a final judgment as to Plaintiffs' claims herein against Defendant.

**B.   Attorneys' Fees and Costs**

    14. By the Agreement, Defendant agreed that, in the event legal action was necessary to collect on the delinquent amounts, Defendant would reimburse Plaintiffs for all reasonable attorneys' fees, court costs and all other reasonable expenses incurred.

    15. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

---

    [2] Mr. Shaw is the manager of the Trust Funds' Billing Department. [Shaw Decl. at ¶ 1.]

16. Plaintiffs are therefore entitled to their reasonable attorneys' fees and costs incurred in bringing the instant action.

17. Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

    a. Plaintiffs seek a total of $4,549.74 in attorneys' fees. [Motion, Decl. Re Attorneys' Fees & Costs ("Fees Decl.") at ¶ 7; Suppl. Decl., Exh. A.]

    b. Randall Morikawa, attorney for Plaintiffs, was admitted to the Hawai`i bar in 1977, and his hourly rate in this case was $275, plus Hawai`i general excise tax. [Suppl. Decl. at ¶¶ 1, 5.] The Court finds that Mr. Morikawa's requested hourly rate is manifestly reasonable.

Case 1:10-cv-00233-JMS-RLP Document 19 Filed 11/01/10 Page 10 of 11 PageID #: 172

c. All of the work performed on this case were performed by Mr. Morikawa.

d. This Court finds that the work which Mr. Morikawa performed in this case was reasonable and necessary.

e. The Court FINDS that a total of 16.2 hours of Mr. Morikawa's time is compensable in this case at a rate of $275 per hour, plus general excise tax, for a total of $4,549.74 in attorneys' fees.

18. Plaintiffs also seek a total of $434.00 in costs consisting of filing fees of $350.00 and copying charges of $84.00. [Fees Decl. at ¶ 5, Exh. A.]

19. The Court finds that these types of costs are compensable and were reasonably necessary in this case.

20. The Court therefore FINDS that Plaintiffs are entitled to litigation costs in the amount of $434.00.

## RECOMMENDATIONS

Accordingly, this Court recommends that:

1. Judgment be entered against Defendant in favor of Plaintiffs in the following amounts:

    SASMI:

| | |
|---|---|
| Principal | $10,552.64 |
| Liquidated damages | 1,055.27 |
| TOTAL | $11,607.91 |

02029847     10

Trust Funds:

| | |
|---|---|
| Principal | $ 1,561.16 |
| Interest | 196.33 |
| Liquidated damage | 311.56 |
| TOTAL | $ 2,069.05 |

2. Plaintiffs be awarded attorneys' fees in the amount of $4,549.74 and costs in the amount of $434.00.

3. The judgment entered by the Court be entered as a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure, as there is no just reason for delay.

The parties are advised that any objection to these Findings and Recommendation is due seventeen calendar days after being served with a copy of these Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2. If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, 11/1/10, 2010.

/s/ Leslie E. Kobayashi
LESLIE E. KOBAYASHI
United States Magistrate Judge

**NATIONAL STABILIZATION AGREEMENT OF SHEET METAL INDUSTRY TRUST FUND, ET AL. V. DUCT-TER SHEET METAL, LLC; CIVIL NO. 10-00233 JMS-LEK; AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**